J-A02016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EDWARD WADE | : | |
| | : | |
| Appellant | : | No. 76 WDA 2025 |

Appeal from the Judgment of Sentence Entered December 17, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000224-2022

BEFORE: STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY MURRAY, J.:                **FILED: February 2, 2026**

James Edward Wade (Appellant) appeals from the judgment of sentence imposed following the revocation of probation for his first, technical violation of probation (VOP). Appellant raises numerous issues on appeal, including a claim of error based on our Supreme Court's decision in ***Commonwealth v. Rosario***, 294 A.3d 338, 356 (Pa. 2023) (holding that "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law"). By means of background, the VOP court revoked Appellant's probationary sentences previously imposed following his guilty pleas to, *inter alia*, one count each of attempted statutory sexual assault

(Count 2)[1] and attempt to patronize a victim of sexual servitude (Count 3).[2] For the reasons that follow, we vacate the VOP court's revocation of Appellant's probation as to Count 3 based on **Rosario**, **supra**, as that sentence had not yet commenced at the time of revocation, and affirm the judgment of sentence in all other respects.

On August 12, 2022, Appellant entered open guilty pleas to Count 2, Count 3, and one count of criminal use of a communications facility.[3, 4] The trial court[5] accepted Appellant's pleas, ordered the preparation of a presentence investigation (PSI) report, and directed the Pennsylvania Sexual Offenders Assessment Board (SOAB) to perform an evaluation of Appellant to

_____

[1] 18 Pa.C.S.A. §§ 901(a), 3122.1(b).

[2] 18 Pa.C.S.A. §§ 901(a), 3013(a)(2)(i).

[3] 18 Pa.C.S.A. § 7512(a).

[4] The facts underlying Appellant's crimes are not relevant to this appeal. We briefly observe that on November 19, 2021, police arrested Appellant in connection with a sex crime sting operation. Appellant was apprehended at a motel, where, he believed, he would meet with a purported 15-year-old female for the purpose of sexual activity, in exchange for cash and drugs. **See** N.T. (guilty plea hearing), 8/12/22, at 7-9; Affidavit of Probable Cause, 11/19/21, at 2.

[5] The Honorable Scott O. Mears (Judge Mears) presided at Appellant's guilty plea hearing, as well as at all other subsequent proceedings.

determine whether he met the criteria for classification as a sexually violent predator.[6]

Appellant's original sentencing hearing occurred on November 10, 2022. Preliminarily, Appellant's counsel confirmed that he had reviewed the PSI report with Appellant.[7]  N.T., 11/10/22, at 2.  Prior to imposing sentence, the trial court explained it had reviewed the "extremely detailed and well done" PSI report "with a fine tooth comb[.]"  *Id.* at 4.

At Count 2, the trial court sentenced Appellant to eight years of probation, the first two years of which were to be served on electronic home monitoring (sometimes referred to as "EHM").[8]  *Id.* at 11.  At Count 3, the court sentenced Appellant to two years of probation, consecutive to the sentence at Count 2.  *Id.* at 11-12.  Accordingly, Appellant received an aggregate sentence of 10 years' probation.[9]  The trial court ordered Appellant to comply with all sex offender requirements, have no unsupervised contact with minors, undergo drug and alcohol and mental health evaluations and

---

[6] The SOAB determined Appellant did not meet the requirements for classification as a sexually violent predator.

[7] The PSI report is not included in the certified record.

[8] Regarding Count 2, the trial court found Appellant to be a Tier III offender under the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, subject to lifetime sexual offender registration and reporting requirements.  N.T., 11/10/22, at 12.

[9] The trial court imposed no further penalty on Appellant's conviction of criminal use of a communications facility.  N.T., 11/10/22, at 12.

comply with any recommendations, and pay court costs and fees. *Id.*; *see also* Sentencing Order, 11/10/22. Additionally, the court expressly warned Appellant, "if you violate your probation then I will not hesitate to revoke it[.]" N.T., 11/10/22, at 12; *see also id.* (trial court cautioning, "I can put you in state prison for a very long time if I" revoke probation).

Pertinently, the trial court imposed several probationary conditions in connection with Appellant's sentence, including the following:

> You must obtain a sex offender evaluation from a certified sex offender treatment provider who is approved by probation/parole supervision staff. **You must comply with** and successfully complete **all treatment recommendations resulting from this evaluation**. You must pay the cost of the evaluation and treatment. …
>
> **You must undergo polygraph examinations when instructed** by probation/parole supervision staff and/or your sex offender treatment provider. … You must pay the cost of polygraph examinations.

Order Regarding Conditions of Probation and Parole, 8/12/22, ¶¶ 8-9 (emphasis added; paragraph numbering omitted; some capitalization modified); *see also* 42 Pa.C.S.A. § 9754(b) (providing that a trial court imposing a probationary sentence "shall attach reasonable conditions authorized by [42 Pa.C.S.A. §] 9763 (relating to conditions of probation).").

In its Pa.R.A.P. 1925(a) opinion, the VOP court summarized the ensuing procedural history as follows:

> On April 6, 2023, a detainer was issued for [Appellant] due to new criminal charges that were pending before the Charleroi Police Department in Washington County. On April 12, 2023, the Pennsylvania Office of the Attorney General [(AG's Office), *i.e.*,

the prosecuting authority in the instant underlying case,] and Westmoreland County Adult Probation Office filed a Petition for Revocation of [Appellant's] Probation alleging the following violations:

- [Appellant] was charged by the Charleroi Regional Police Department for contempt of order or agreement for an incident that occurred on 4/5/2023. This charge is [] pending disposition before Washington County Magisterial District Judge Eric G. Porter at OTN: R458743-5.

- [Appellant] was ordered to pay costs, fines, and fees of $13,907.22. According to the Westmoreland County Clerk of Courts Office, [Appellant] owes an outstanding balance of $828.80.

- [Appellant] has failed to complete drug and alcohol treatment.

- [Appellant] has failed to obtain a mental health evaluation and/or treatment.

- [Appellant] failed to obtain a sex offender evaluation/follow treatment.

Petition for Revocation of [] Probation/Parole, 4/12/23. On that same date[,] following a hearing, [the VOP c]ourt ordered that [Appellant] remain[] detained pending disposition of the new charges.

On April 21, 2023, [Appellant] filed an Emergency Motion to Lift Detainer due to his pending charges being withdrawn. Additionally, he indicated that he completed drug and alcohol treatment and a mental health evaluation. On April 24, 2023, [Appellant's] Emergency Motion to Lift Detainer was granted, and he was released to [EHM]. The Probation Revocation Petition that was filed on April 12, 2023[,] was also withdrawn.

Statement of Court Issued Pursuant to Pa.R.A.P. 1925(a) (VOP Court Opinion), 3/17/25, at 2-3 (citation modified).

On July 9, 2024, the AG's Office and Westmoreland County Adult Probation Office filed another petition for revocation of Appellant's probation. The petition alleged several probation violations, including Appellant's "unsuccessful[] discharge[] from sex offender treatment" on June 25, 2025. Petition for Revocation of Probation, 7/9/24, at 2 (unpaginated) (capitalization modified). The revocation petition further alleged that

> [Appellant] was arrested by the [] Pennsylvania State Police and charged with unlawful restraint/involuntary servitude [], simple assault [], and other related [summary offenses] for an incident that occurred on [June 24,] 2024.[10]  These charges are pending before [Washington County] Magisterial District Judge Curtis L. Thompson at OTN: J1005793-5.

*Id.* (footnote added; capitalization modified).

On August 16, 2024, the VOP court conducted Appellant's revocation hearing. In its Rule 1925(a) opinion, the VOP court summarized the relevant evidence presented at the hearing:

> Westmoreland County Adult Probation Officer Justin Schneider (hereinafter "APO Schneider") testified regarding some of the issues raised in the revocation petition. [APO Schneider] stated that [all of Appellant's outstanding criminal] charges in Washington County [had been] dismissed. [N.T., 8/16/24], at 7[]. [APO Schneider testified Appellant] was also given "windows" [regarding his EHM] in Washington County to maintain his rental property and work "under-the-table" with his uncle, which is something that would not have been approved in Westmoreland County. *Id.* at 9-10. Additionally, at one point, APO Schneider received a photograph of [Appellant] inside of a bar with a beverage sitting in front of him from another probation officer in

_____

[10] On June 25, 2024, the VOP court issued a probation detainer for Appellant based on the new criminal charges and his unsuccessful discharge from sex offender treatment.

- 6 -

Washington County. *Id.* at 12-15. [APO Schneider further testified Appellant had] paid $400 towards his costs and fees with the Westmoreland County Clerk of Courts. *Id.* at 17.

Stacey Frye (hereinafter "Frye"), who worked as an approved provider for sex offender treatment, testified that she began seeing [Appellant] for treatment on January 23, 2024[, *i.e.*, over a year after the imposition of Appellant's probationary conditions]. *Id.* at 21. [Frye] recommended that [Appellant] participate in group therapy once per week and individual therapy once or twice per month. *Id.* at 22.

Frye testified that [Appellant] did not complete [either] his first "homework" assignment or a polygraph [examination] that was recommended at the beginning of his treatment. *Id.* at 22-23. [Frye stated Appellant] also had multiple absences from group therapy. *Id.* at 24. Specifically, he cancelled therapy on April 9th; on April 30th, he had no insurance and could not go to therapy; and on June 25th, he was incarcerated. *Id.* Frye stated that, generally, three unexcused absences result in discharge from treatment. *Id.* at 28.

[Appellant's] absences, however, were not the only reason for his discharge from treatment. *Id.* at 33. [Frye testified that Appellant] was also discharged for not completing his homework assignments and failing to participate in a polygraph evaluation, due to not accepting full responsibility [for his criminal conduct]. *Id.*[; *see also id.* at 30 (Frye testifying that on January 30, 2024, she instructed Appellant to submit to a polygraph examination, at his expense, "as soon as possible."). *But see also id.* (Frye confirming that "there was no deadline drop date where [Appellant] needed to complete the polygraph").] Frye stated that [Appellant] did not complete any of his homework assignments during his five months in treatment. *Id.* [at 33.] [Frye] stated that she generally recommends [that participants in the treatment program complete] one assignment per month. *Id.*

[Appellant's] employer, Gary Selestow [(Mr. Selestow)], also testified regarding [Appellant's] employment. *Id.* at 36-43.

VOP Court Opinion, 3/17/25, at 5-7 (footnote omitted; some punctuation modified).

Following the conclusion of evidence at the revocation hearing, the VOP court considered argument from the parties. *See* N.T., 8/16/24, at 43-49. The VOP court found Appellant in technical violation of his probationary sentences at Count 2 and Count 3, revoked probation at those counts,[11] and scheduled a resentencing hearing.[12] *Id.* at 54; *see also* Order, 8/16/24. The court determined the Commonwealth had proved that Appellant violated the conditions of his probation related to sex offender treatment and a polygraph examination. N.T., 8/16/24, at 49-51; *see also id.* at 51-52 (VOP court clarifying it was not finding Appellant in violation of his probation based upon any of the other allegations raised in the revocation petitions).

The VOP court emphasized the above-described conditions of Appellant's probation that required him to (1) "comply with and successfully complete all treatment recommendations resulting from [Appellant's sexual offender] evaluation"; and (2) "undergo polygraph examinations when instructed[.]" *Id.* at 50 (quoting Order Regarding Conditions of Probation and

---

[11] At the time of revocation, Appellant's sentence for Count 3 (*i.e.*, two years' probation, consecutive to the sentence at Count 2) had not yet begun. *See Rosario*, 294 A.3d at 356 (holding Pennsylvania law prohibits anticipatory revocation of a pending probationary sentence).

[12] The VOP court continued Appellant's detainer pending resentencing. *See* N.T., 8/16/24, at 54.

Parole, 8/12/22, ¶¶ 8, 9).[13]  The VOP court pointed out Frye's testimony at the revocation hearing regarding Appellant's failure to complete either the required polygraph examination or any sex offender treatment assignments. *Id.* at 50-51; *see also id.* at 51 (VOP court observing that "Mr. Selestow is paying [Appellant in connection with his employment].  It costs $375 to pay for a polygraph and it has been months and months.").  **The VOP court opined that Appellant's "violations having to do with … sexual offender treatment** [**are**] **significant."**  *Id.* at 49 (emphasis added); *see also id.* at 52-53 (VOP court emphasizing Appellant's "failure to follow the recommendations of the sex offender provider, … after I had stressed to [Appellant,] at the time of [his original] sentencing[,] that he was on extremely thin ice.").  The VOP court deferred resentencing and stated, "I will order the resentencing guidelines[14] and schedule [resentencing.]"  *Id.* at 54.

On September 12, 2024, Appellant filed a "Motion for Release from Incarceration Pending Probation Revocation Resentencing Hearing" (Motion for Release).  Appellant pointed out his failure to comply with sexual offender

_____

[13] We hereinafter refer to these two probationary conditions as "Conditions 8 & 9."

[14] *See* 204 Pa. Code §§ 307.1-307.4 (7th Ed., Amend. 1).  The Resentencing Guidelines, Amendment 1 (effective from January 1, 2021, to January 1, 2024), apply to revocations of probation for "all offenses committed on or after January 1, 2021, but prior to January 1, 2024, for which the 7th Edition, Amendment 6 Sentencing Guidelines applied."  *Id.* § 307.2(b)(2).  Instantly, the Resentencing Guidelines, as amended by Amendment 1, apply because Appellant committed the underlying crimes in November 2021.

treatment constituted a technical probation violation, and that "[t]his matter is the first time that [Appellant] has been found to be in violation of his probation[.]" Motion for Release, 9/12/24, ¶¶ 5, 9. Appellant emphasized our General Assembly's recent enactment of significant amendments to 42 Pa.C.S.A. § 9771, effective June 11, 2024, to October 19, 2025.[15] Though we discuss Section 9771 *infra*, we briefly observe that the statute was amended to (1) institute "a presumption against total confinement for technical violations[16] of probation[,]" *id.* § 9771(c) (footnote added); and (2) permit the imposition of a sentence of total confinement upon revocation of probation only in limited, specific circumstances. *Id.* § 9771(c)(2). The language of subsection 9771(c)(2)(i) is pertinent to this appeal:

> **If a court imposes a sentence of total confinement following a revocation**, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant shall be sentenced as follows:
>
> **(i)** For a first technical violation, a maximum period of 14 days.

_____

[15] **See** P.L. 381, No. 44, § 3 (effective June 11, 2024). Instantly, it is undisputed that the amendments to Section 9771 apply to Appellant.

[16] Our legislature has defined "technical violation" as "[a] violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted or found guilty[.]" 42 Pa.C.S.A. § 9774.1(k); **see also** 204 Pa. Code § 307.1(b) (7th Ed., Amend. 1) (Resentencing Guidelines provision defining "technical violation" as "[f]ailure to comply with terms of an order of probation, other than by the commission of a new offense of which the person is convicted.").

- 10 -

*Id.* § 9771(c)(2)(i) (emphasis added) (effective June 11, 2024, to October 19, 2025).

In response to Appellant's Motion for Release, the VOP court conducted a hearing on September 17, 2024, and considered argument from the parties. Appellant argued that pursuant to the plain language of subsection 9771(c)(2)(i), "it's quite clear that the most that [Appellant] could be sentenced to is fourteen days['] incarceration because of the technical violation." N.T., 9/17/24, at 10. Appellant further stated he had been incarcerated since June 25, 2024 (*i.e.*, as a result of the probation detainer), and asserted, "if the maximum sentence [Appellant] can receive is fourteen … days, I do believe he's entitled to the credit that he's been in jail during that time." *Id.* at 14.

The VOP court deferred ruling on the Motion for Release. *Id.* at 12 ("[The VOP court is] going to take a hard look at [Section 9771] and make a decision."); *see also id.* (VOP court stating, "when I see that [Appellant] just thumbs his nose at" the conditions of his probation and sex offender treatment, "it just confirms I made a mistake when I [originally] sentenced [Appellant] to probation.").

Following the hearing on Appellant's Motion for Release, the VOP court entered an order granting relief. The court ordered Appellant's "release[] from the Westmoreland County Prison to [EHM,]" and directed the "resentencing hearing [to] take place as soon as possible." Order, 9/17/24, at 2; *see also*

*id.* at 1 (VOP court citing subsection 9771(c)(2)(i) and observing that "[Appellant] has now been incarcerated for a period of time longer than 14 days.").

Appellant's resentencing hearing occurred on November 18, 2024.[17] Despite the fact that the VOP court had already revoked his probation, Appellant presented testimony from Frye. In short, Frye reiterated her above-described testimony regarding Appellant's participation in sex offender treatment and his discharge from treatment. N.T., 11/18/24, at 7-8. Frye testified that upon Appellant's recent release from incarceration on the probation detainer, he had renewed his participation in Frye's treatment program. *Id.* Frye stated that unlike previously, Appellant "started completing his homework." *Id.* at 8; *see also id.* (Frye testifying Appellant was "doing okay right now. We're still working on a bunch of issues."). Frye further stated that Appellant recently completed a polygraph examination, which he failed. *Id.* at 11-12. Frye confirmed that "[i]f a sex offender fails their polygraph, that would indicate that additional treatment is needed[.]" *Id.* at 12; *see also id.* (Frye confirming her belief that "an extended period of [sex offender] treatment would be helpful for [Appellant]"). Appellant also testified at the resentencing hearing and asserted he had complied with the

---

[17] Prior to resentencing, the VOP court did not order the preparation of a new PSI report.

conditions of his probation and sex offender treatment requirements. ***See id.*** at 14-17.

Prior to imposing sentence, the VOP court stated that

this felt like a rehash of the revocation hearing, and I've already made the determination that [Appellant's probation is] revoked. This is a sentencing hearing …. I have no problem listening to this [testimony] in the context of a sentencing hearing, but we're not going to go back and say well, this shouldn't have been a revocation. … My decision from the revocation hearing stands.

***Id.*** at 26. The court then considered the parties' respective arguments regarding the appropriate resentence:

[Counsel for the Commonwealth]: Your Honor, I'm recommending that [Appellant] be sentenced to the exact same sentence that he got before, [and] that there be an additional two years of [EHM,] in order for him to comply with sex offender treatment.

THE COURT: So you're asking that I impose … the exact same sentence but beginning today?

[Counsel for the Commonwealth]: Right. Yes, Your Honor.

THE COURT: Alright. [Counsel for Appellant]?

[Appellant's counsel]: … [O]bviously, we don't agree with that. We're asking for a sentence of the minimum of 14 days['] incarceration per the statute[, *i.e.*, 42 Pa.C.S.A. § 9771(c)(2)(i).]
…

N.T., 11/18/24, at 24.

The VOP court announced, "I'm going to follow the sentence that the Commonwealth is recommending." ***Id.*** at 27. At Count 2, the VOP court resentenced Appellant to "five years of probation with restrictive conditions, including a period of two years [of EHM,] followed by a three-year period of

- 13 -

consecutive probation." *Id.* at 27-28. At Count 3, the court resentenced Appellant to two years of probation, consecutive to the sentence imposed at Count 2.[18] *Id.* at 28. Accordingly, Appellant received an aggregate resentence of 10 years' probation (including two years of EHM).

Immediately after resentencing, Appellant pointed out that he had served 105 days in jail as a result of the probation detainer, and requested an award of credit for time served. *Id.* at 29. The VOP court denied Appellant's request, stating he will be entitled to "that credit … if[,] in the future[, his probation is] revoked and [he is] sentenced to a period of incarceration, … but I'm not going to give that credit toward his [EHM]." *Id.*

On November 22, 2024, the VOP court *sua sponte* amended Appellant's VOP sentence, within the time the court retained jurisdiction pursuant to 42 Pa.C.S.A. § 5505 (providing courts may modify or rescind any order within 30 days after its entry, if no appeal has been filed). The amended sentencing order clarified that, at Count 2, Appellant was sentenced to eight years of probation (including two years of EHM). Order, 11/22/24. *Cf.* Sentencing Order, 11/18/24, at 1 (stating that Appellant's original resentence at Count 2 was five years of probation). The VOP court directed that "[a]ll other terms

---

[18] In the VOP court's sentencing order, it directed that "[Appellant is] required to timely comply with sex offender treatment[.]" Sentencing Order, 11/18/24, at 2.

and conditions" of Appellant's November 22, 2024, resentence "remain in effect." *Id.*

Appellant timely filed a counseled post-sentence motion on December 2, 2024, raising four claims of error. *See* Post-Sentence Motion, 12/2/24, ¶¶ 6-23. First, Appellant claimed the VOP court erred in finding that he "technically violated his probation as a result of the unsuccessful discharge from sex offender treatment." *Id.*, ¶ 6. Second, Appellant asserted the VOP court improperly found him in violation of the conditions of his probation, where "there is no court order directing that [Appellant] complete his sex offender treatment within a certain period of time[,] or that one or more unsuccessful discharges shall constitute grounds for a violation." *Id.*, ¶ 13. Third, Appellant averred his aggregate resentence of 10 years' probation was manifestly excessive and unjust. *Id.*, ¶ 19. Fourth, Appellant asserted the November 18, 2024, sentencing order "is vague and ambiguous" to the extent it provided that he is "required to timely comply with sex offender treatment." Post-Sentence Motion, 12/2/24, ¶¶ 21, 22; *see also id.* (prayer for relief) (asking the VOP court to "strike this provision as being void for vagueness and ambiguity."). On December 13, 2024, the Commonwealth filed a response to Appellant's post-sentence motion.

By order entered December 17, 2024 (dated December 13, 2024), the VOP court "denied in part" Appellant's post-sentence motion "for the same reasons that were stated by [the VOP] court on the record at the revocation

- 15 -

[hearing.]" Order of Court, 12/17/24, at 1 (capitalization modified). However, the VOP court granted relief in part, stating that "pursuant to Count IV in [Appellant's] post-sentence motion," the court amended the provision in the November 18, 2024, sentencing order that required Appellant "to timely comply with sex offender treatment[.]" *Id.*; Sentencing Order, 11/18/24, at 2. Specifically, the VOP court

> decreed that this court's order dated November 18, 2024[,] is amended to reflect that [Appellant] is to comply with all sex offender treatment recommendations within the time period set forth by the treatment provider or, if no time period is stated, within one week from the date on which the recommendation was directed. The language [in the November 18, 2024, order stating] that "[Appellant is] required to timely comply with sex offender treatment" is stricken from the … order. All other terms of this court's November 18, 2024[,] order are to remain in effect.

Order of Court, 12/17/24, at 1-2 (some capitalization modified; emphasis omitted).[19]

Appellant filed a notice of appeal on January 16, 2025.[20] Appellant and the VOP court have complied with Pa.R.A.P. 1925.

---

[19] The VOP court did not issue a separate amended resentencing order. Rather, it addressed this matter, as well as Appellant's post-sentence motions, in the December 17, 2024, order. On the VOP court's docket, this single order is listed, in two entries, as an "Order Denying [Appellant's] Post-Sentence Motion" and "Amended Sentencing Order." VOP Court Docket, Entry 57.

[20] On June 2, 2025, this Court dismissed Appellant's appeal based on his failure to file an appellate brief. Upon Appellant's application, we reinstated the appeal.

Appellant presents 10 issues[21] for our review:

I.      Did the [VOP] court err as a matter of law and abuse[] its discretion by finding [Appellant] in violation of his probationary sentence on August 16, 2024, by determining that [Appellant] had not completed sexual offender[]s treatment, even though the original sentence did not provide a date for completion?

II.     Did the [VOP] court err as a matter of law and abuse[] its discretion by determining that [Appellant] was not compliant with sexual offender[]s treatment by not completing a polygraph examination, thereby revoking his probationary sentence?

III.    Did the [VOP] court err as a matter of law and abuse[] its discretion by determining that [Appellant] was not compliant with sexual offender[]s treatment by accumulating three (3) absences, one of which occurred as a result of the probation detainer, thereby revoking his probationary sentence?

IV.     Did the [VOP] court err as a matter of law and abuse[] its discretion by determining that [Appellant] was not compliant with sexual offender[]s treatment by accumulating three (3) absences, when the written requirements indicate that an offender may not miss more than three sessions, thereby revoking his probationary sentence?

V.      Did the [VOP] court err as a matter of law and abuse[] its discretion by failing to order and require a [PSI report] pursuant to Pa.R.Crim.P. 702(A)(2)(a), and by failing to place on the record why no [PSI report] was ordered?

_____

[21] We pause to remind Appellant of our Supreme Court's pronouncement, in **Commonwealth v. Montalvo**, 205 A.3d 274 (Pa. 2019), that "it is rare that a brief successfully demonstrates that the trial court committed more than one or two reversible errors." **Id.** at 301-02 (Pa. 2019) (citation omitted); **see also Jones v. Barnes**, 463 U.S. 745, 751-52 (1983) ("Experienced advocates since time beyond memory emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

VI.     Did the [VOP] court err as a matter of law and abuse[] its discretion by not applying 42 Pa.C.S.A §[ ]9771, as [Appellant] was not revoked for a substantive violation and should have only received a fourteen (14) day sanction for a first technical violation?

VII.    Did the [VOP] court err as a matter of law and abuse[] its discretion by failing to provide [Appellant] credit for time served in the Westmoreland County Jail as a result of the probation detainer?

VIII.   Did the [VOP] court err as a matter of law and abuse[] its discretion by resentencing [Appellant] to five (5) years['] probation, with the first two (2) years on electronic home monitoring, followed by an additional three (3) years['] probation at Count 2?

IX.     Did the [VOP] court err as a matter of law and abuse[] its discretion by denying [Appellant's] Post[-]Sentence Motion, which was filed of record on December 2, 2024?

X.      Did the [VOP] court err as a matter of law and abuse[] its discretion by revoking [Appellant's] probationary sentence at Count 3, as that sentence had not yet commenced?

Appellant's Brief at 7-8 (some capitalization and punctuation modified; issues reordered for ease of disposition).

Preliminarily, we address the timeliness of this appeal and the VOP court's determination that Appellant's notice of appeal was "untimely" filed. VOP Court Opinion, 3/17/25, at 13;[22] *see also Commonwealth v. Maddrey*, 205 A.3d 323, 326 (Pa. Super. 2019) ("It is well settled that the timeliness of

_____

[22] Although the VOP court briefly referenced the untimeliness of Appellant's appeal in its opinion, the court nevertheless went on to address the merits of each of Appellant's 10 claims of error. *See* VOP Court Opinion, 3/17/25, at 13-23.

- 18 -

an appeal implicates our jurisdiction" (citation omitted)). Pursuant to Pa.R.A.P. 903(a), a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." *Id.* "[O]ne's failure to appeal timely from an order generally divests the appellate court of its jurisdiction to hear the appeal." *Commonwealth v. Powell*, 290 A.3d 751, 755 n.8 (Pa. Super. 2023) (citation and quotation marks omitted); *see also Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014) (noting that "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace.").

Here, the VOP court opined "[Appellant's] appeal is untimely," where he "did not file the instant appeal within 30 days" of his VOP resentence.[23] VOP Court Opinion, 3/17/25, at 13 n.2. The VOP court further contends Appellant's filing of a post-sentence motion did not toll the appeal period, based on Pa.R.Crim.P. 708(E) (providing that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."). VOP Court Opinion, 3/17/25, at 13 n.2.

The Commonwealth concurs with the VOP court regarding the appeal's untimeliness and applicability of Rule 708(E). Commonwealth Brief at 8.

---

[23] The VOP court did not specify the date of the VOP judgment of sentence to which it referred. As explained *supra*, the judgment of sentence was twice amended.

- 19 -

Appellant argues he timely filed his notice of appeal on January 16, 2025, *i.e.*, 30 days after entry of the December 17, 2024 order. **See** Appellant's Brief at 11. We agree.

It is established that where "the trial court amends the judgment of sentence during the period it maintains jurisdiction pursuant to [42 Pa.C.S.A. §] 5505, the direct appeal lies from the **amended** judgment of sentence." **Commonwealth v. Wenzel**, 248 A.3d 540, 545 (Pa. Super. 2021) (emphasis in original) (citing **Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (deeming notice of appeal timely, and noting the direct appeal lies from the "corrected judgment of sentence," which the court filed one day after the original judgment of sentence)). Here, the VOP court's December 17, 2024, order amended Appellant's November 18, 2024, judgment of sentence within the 30-day window of Section 5505, and thus, restarted the 30-day appeal period of Pa.R.A.P. 903(a). **Wenzel**, 248 A.3d at 545. Appellant timely filed his notice of appeal within 30 days of the December 17, 2024 order, in compliance with Rule 903(a). Accordingly, we conclude this appeal is timely filed and that we have jurisdiction.

We proceed to the merits of Appellant's issues and address issues I, II, III, and IV together, as each is related and challenges the propriety of the VOP court's finding Appellant in technical violation of his probation.[24]

"In an appeal from a sentence imposed after the court has revoked probation, we can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." ***Commonwealth v. Simmons***, 262 A.3d 512, 515 (Pa. Super. 2021) (*en banc*) (citation and brackets omitted). "[R]evocation of a probation sentence is a matter committed to the sound discretion of the [VOP] court and that court's decision

_____

[24] Regarding Appellant's issues III and IV, we observe that these issues (1) contain no citation to the record or any authority; (2) redundantly repeat arguments raised in issues I and II; and (3) are insufficiently developed, each consisting of merely one paragraph of argument. ***See*** Appellant's Brief at 21-22. Our Supreme Court has instructed that the "rules of appellate procedure are explicit that the argument contained within a brief must contain 'such discussion and citation of authorities as are deemed pertinent.'" ***Commonwealth v. Armolt***, 294 A.3d 364, 376 (Pa. 2023) (quoting Pa.R.A.P. 2119(a) (some citations and brackets omitted)).

> Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him.

***Id.*** at 377 (citations and internal quotation marks omitted); ***see also id.*** at 379 ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review." (citation omitted)). Instantly, although we could find Appellant's issues III and IV waived based on his deficient brief, ***id.*** at 377, we nevertheless address their merits, as they overlap with issues I and II, which Appellant properly developed.

will not be disturbed on appeal in the absence of an error of law or an abuse

of discretion." ***Commonwealth v. Shires***, 240 A.3d 974, 977 (Pa. Super.

2020) (citation omitted).

> As to what constitutes an abuse of discretion, discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.  A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion.

***Commonwealth v. Hall***, 345 A.3d 332, 335-36 (Pa. Super. 2025) (internal

citations, quotation marks, and brackets omitted).

> This Court has stated that

> [t]he first step in a [probation] revocation decision involves a wholly retrospective factual question: whether the … probationer has in fact acted in violation of one or more conditions of his … probation.  It is this fact that must be demonstrated by evidence containing probative value.  Only if it is determined that the … probationer did violate the conditions does the second question arise: should the … probationer be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?

***Commonwealth v. Moriarty***, 180 A.3d 1279, 1286 (Pa. Super. 2018)

(citation and ellipses omitted).

> It is settled that

> probation may be revoked upon proof that the defendant either: 1) violated a specific condition of his or her probation[;] or 2) committed a new crime.  42 Pa.C.S.A. § 9771; ***Commonwealth v. Foster***, 214 A.3d 1240, 1243 (Pa. 2019).  These are the only grounds on which a court can find that a defendant violated his or her probation.   The VOP court must find, based on the preponderance of the evidence, that the probationer violated a

specific condition of probation or committed a new crime to be found in violation.

***Commonwealth v. Giliam***, 233 A.3d 863, 866-67 (Pa. Super. 2020) (some citations, brackets, and quotation marks omitted); ***see also Commonwealth v. Colon***, 102 A.3d 1033, 1041 (Pa. Super. 2014) ("A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." (citation omitted)). "The preponderance of the evidence is the **lowest burden of proof** in the administration of justice, and it is defined as the greater weight of the evidence, *i.e.*, to tip a scale slightly in one's favor." ***Commonwealth v. Easter***, 331 A.3d 675, 680 (Pa. Super. 2025) (citations and internal quotation marks omitted; emphasis added); ***see also Commonwealth v. Parson***, 259 A.3d 1012, 1019 (Pa. Super. 2021) ("Unlike a criminal trial where the burden is upon the Commonwealth to establish all of the requisite elements of the offenses charged beyond a reasonable doubt, at a revocation hearing the Commonwealth need only prove a violation of probation by a preponderance of the evidence." (citation omitted)). In reviewing whether the evidence met this standard, we view the evidence, and all reasonable inferences, "in the light most favorable to the Commonwealth as verdict-winner …." ***Simmons***, 56 A.3d at 1285.

"[T]he authority to impose [] terms and conditions of probation lies with the sentencing court." ***Commonwealth v. Stewart***, 327 A.3d 301, 305 (Pa.

Super. 2024) (citation omitted). Pursuant to Section 9754 of the Sentencing Code, which governs orders of probation, a sentencing court "shall attach reasonable conditions" to an order of probation, as authorized by Section 9763. 42 Pa.C.S.A. § 9754(b). Section 9763(b) provides, in relevant part, as follows:

> Following an individualized assessment of the defendant, including the defendant's history and the underlying crime or crimes committed, the court shall attach only those conditions that the court deems necessary and the least restrictive means available to promote the defendant's rehabilitation and protection of the public, including any of the following:
>
> * * *
>
> **(4)** To undergo individual … counseling.
>
> * * *
>
> **(15)** To do other things reasonably related to rehabilitation.

*Id.* § 9763(b)(4), (15); *see also id.* § 9763(b) (providing that probationary "[c]onditions shall be assessed and ordered based on individualized circumstances."). Section 9763 further provides, in subsection (d), that a VOP court is authorized to impose restrictive conditions on probation that either:

> (1) house the person full time or part time, including inpatient treatment; or
>
> (2) significantly restrict the person's movement and monitor the person's compliance with [a] program, including electronic monitoring or home confinement.

*Id.* § 9763(d).

Further, Section 9771[25] of the Sentencing Code provides, in pertinent part, as follows:

**(a) General rule**.--The court has inherent power to[,] at any time[,] terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.

**(b) Revocation**.--The court may increase the conditions, impose a brief sanction under section 9771.1 (relating to court-imposed sanctions for violating probation) or **revoke an order of probation upon proof of the violation of specified conditions of the probation**. Subject to the limitations of subsections (b.1) and (c),[26] upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. …

42 Pa.C.S.A. § 9771(a), (b) (emphasis and footnote added). Pennsylvania Rule of Criminal Procedure 708(B) likewise provides that "[w]henever a defendant has been sentenced to probation …, the judge shall not revoke such probation" absent, *inter alia*, "a finding of record that the defendant violated a condition of probation[.]" Pa.R.Crim.P. 708(B)(2).

Our Supreme Court has instructed that

the effectiveness of probation as a rehabilitative tool and as a deterrent to antisocial conduct is the lens through which a

---

[25] We rely upon the text of the version of Section 9771 that was in effect at the time of Appellant's revocation of probation, which was effective from June 11, 2024, to October 19, 2025.

[26] We address *infra* the statutory language of subsection 9771(c), which limits a VOP court's sentencing authority under subsection 9771(b), though only where the court imposes a sentence of **total incarceration** upon revocation.

violation is to be viewed. Revocation and resentencing are warranted if, in the face of a new criminal act or the violation of a condition of probation, the court finds that probation is no longer achieving its desired aims of rehabilitation and deterring criminal activity.

*Foster*, 214 A.3d at 1251 (citations omitted).

Here, Appellant claims the VOP court improperly found him in violation of the conditions of his probation. *See* Appellant's Brief at 15-22. Appellant acknowledges that Judge Mears had imposed Conditions 8 & 9 in connection with Appellant's underlying sentence, which required him to "comply with and successfully complete all treatment recommendations resulting from" his sexual offenders evaluation; and (2) "undergo polygraph examinations when instructed by probation/parole supervision staff and/or [his] sex offender treatment provider." Order Regarding Conditions of Probation and Parole, 8/12/22, ¶¶ 8-9; *see also* Appellant's Brief at 17. However, Appellant emphasizes that Judge Mears, when imposing Conditions 8 & 9, did not specify "any time period for Appellant to successfully complete sexual offenders treatment and/or the completion of a polygraph examination." Appellant's Brief at 17 (citation omitted); *see also id.* at 19 (same).

Appellant further asserts Frye testified at the resentencing hearing "that Appellant was close to completing treatment but for the completion of the polygraph test." *Id.* at 19 (citing N.T., 11/18/24, at 10 (Frye testifying that had Appellant not been arrested on new criminal charges and incarcerated on a probation detainer, "I probably would not have unsuccessfully discharged

him [from the treatment program] because we were getting ready to take a polygraph.")). According to Appellant, the VOP court improperly found that

> he was in violation of his probationary sentence because he was incarcerated and discharged from sexual offenders treatment. Appellant did not fail to comply with treatment. Appellant's discharge was involuntary as a result of his incarceration.

*Id.* at 18.

Additionally, Appellant contends the VOP court abused its discretion in finding he "was not compliant with sexual offender[]s treatment by accumulating three [] absences, one of which occurred as a result of the probation detainer, thereby revoking his probationary sentence." *Id.* at 21 (capitalization modified). According to Appellant, "only one missed session could be attributed to Appellant, [*i.e.*, his absence on] April 9, 2024," where the record establishes as follows:

> Appellant began his sexual offenders treatment on January 23, 2024. Appellant missed a total of five [] sessions from January 23, 2024, through his detention on June 25, 2024. Appellant missed on April 9, 2024, as he cancelled. Appellant missed on April 30, 2024, as there was a lapse in insurance. On June 4 and 11, 2024, Appellant had a medical excuse. Lastly, Appellant missed on June 25, 2024, as he was incarcerated. It is clear that Appellant could not control the lapse in insurance, being medically excused, and being incarcerated.

*Id.* at 16 (internal record citations and paragraph break omitted).

The Commonwealth counters that it proved, by clear and convincing evidence, Appellant had violated the conditions of his probation. *See* Commonwealth Brief at 8-14.

[Appellant] argues that the evidence was insufficient to establish a violation of the conditions of his probation because his discharge [from sex offenders treatment] was involuntary and a result of his incarceration, but this ignores the [VOP] court's express statements[, *i.e.*, at the revocation hearing,] that revocation was not based on discharge from treatment.

*Id.* at 9 (internal citation omitted). "The [VOP] court, which had previously warned [Appellant] that 'there was no room for error,' was under no obligation to overlook these violations, and revocation of probation was a sound use of the court's discretion." *Id.* at 10 (citation omitted).

According to the Commonwealth,

[Appellant] argues that there is no [probation] violation absent a "deadline drop date," claiming that a requirement to obtain a polygraph "when instructed" is meaningless unless a date certain is provided. Appellant's Brief at 19. However, this ignores that the polygraph was to be done "as soon as possible." N.T., 8/16/24, at 30. No specific date was provided, but flexibility offered by the [sex offender] treatment provider in no way entitles a probationer to "months and months" of inexcusable delay. *Id.* at 51. The fact that [Appellant] was incarcerated for a period of time prior to the revocation hearing does not excuse the months-long pattern of treating "as soon as possible" as an open-ended invitation to delay.

Commonwealth Brief at 9-10 (footnote and brackets omitted; some citations modified). Further, the Commonwealth avers Appellant

does not confront the fact that he was entirely non-compliant with the homework requirements until after his probation had already been revoked, nor does he acknowledge that it was his non-compliance that the [VOP] court most heavily focused on when determining that revocation was warranted.

*Id.* at 11. Finally, the Commonwealth contends Appellant's argument "that the [VOP] court erred in determining that he was non-compliant with his

probation based on the number of absences from the treatment program" is misplaced and unavailing, where the court "did not base the revocation of probation on [Appellant's] absences from treatment." *Id.* at 13 (emphasis omitted).

In announcing its ruling at the revocation hearing, the VOP court, after reiterating the language of Conditions 8 & 9, opined the preponderance of the evidence established that Appellant had violated these conditions, where

> [**Appellant**] **didn't do a single homework assignment** [related to his sex offender treatment], and … Frye indicated that she recommended that he do … the homework assignment specifically[.  F]urthermore, the polygraph is significant as well. … [P]aragraph 9 of the order regarding [Appellant's probationary] conditions relates to that.   [It i]ndicates "You must undergo polygraph examinations when instructed by probation and parole, supervision, staff and/or your sex offender treatment provider."
>
>     Again, I will repeat that.   "You must undergo polygraph examinations when instructed" and [Frye] had recommended that [Appellant submit to a polygraph] immediately.  **He still hasn't gotten it done.  It has been months and months**[.] … [A]nd let me say this before I forget.  I mean, [Appellant] is making money.  Mr. Selestow is paying him.  It costs $375 to pay for a polygraph and it has been months and months.  **It just tells me [that Appellant] is not taking this seriously.**

N.T., 8/16/24, at 50-51 (emphasis added); ***see also*** VOP Court Opinion, 3/17/25, at 16 (stating that the court found that Appellant "failed to comply with [Conditions 8 & 9] for the same reasons that were stated on the record" at the revocation hearing).

Our review discloses that the VOP court's foregoing reasoning is supported by the record and the law, and we agree with its determination.

Viewing the evidence in the light most favorable to the Commonwealth as verdict-winner, we determine the Commonwealth proved, by a preponderance of the evidence, that Appellant was in technical violation of specific conditions of his probation, *i.e.*, Conditions 8 & 9. **See Giliam**, 233 A.3d at 866-67; **Simmons**, 56 A.3d at 1285. Initially, it is undisputed that Appellant had advance notice of Conditions 8 & 9. Despite being ordered to comply with sex offender treatment upon his original sentencing on November 10, 2022, Appellant did not commence treatment with Frye until January 23, 2024, well over a year later.[27] N.T., 8/16/24, at 21. Appellant also failed to complete any of his required "homework" assignments associated with sex offender therapy. As Frye testified at the revocation hearing, she generally recommends that participants in her treatment program complete one assignment per month; Appellant did not complete any assignments during his five months in treatment. **Id.** at 33.

Moreover, Frye testified that, when Appellant first enrolled in sex offender treatment, *i.e.*, in January 2024, she specifically asked him to submit to a polygraph examination. N.T., 11/18/24, at 11. However, Appellant delayed completing the examination for a significant period of time, and until **after** his probation had been revoked. **Id.** (Frye confirming that "[Appellant] was asked to take a polygraph substantially earlier than he actually did[.]").

---

[27] By that point, Appellant had served a substantial portion of the EHM component of his sentence imposed on Count 2.

Appellant **failed** the polygraph; in Frye's opinion, this failure "would indicate that additional [sex offender] treatment is needed[.]" N.T., 11/18/24, at 12.

Furthermore, the record belies Appellant's claim that his failures regarding Conditions 8 & 9 were entirely attributable to his incarceration on probation detainers filed after Appellant incurred new criminal charges, which were subsequently dismissed. Appellant overlooks the VOP court's express determinations to the contrary, including the following at the revocation hearing:

> [**I**]**t is not just whether** [**Appellant**] **has been discharged from treatment and whether that discharge was proper or not** …. [W]hether that was within his control is certainly a question and I don't believe [he] was officially discharged until he was incarcerated. So, however, he didn't do a single homework assignment … furthermore, the polygraph is significant as well.

N.T., 8/16/24, at 50 (emphasis added).

The Commonwealth has further proven, by a preponderance of the evidence, that probation has not been an effective vehicle to rehabilitate Appellant and to deter against future antisocial conduct. **Colon**, 102 A.3d at 1041. We reiterate that, when imposing Appellant's original sentence, Judge Mears expressly cautioned him, "if you violate your probation[,] then I will not hesitate to revoke it[.]" N.T., 11/10/22, at 12. Appellant chose not to heed this warning.

Based on the foregoing, we conclude the VOP court neither erred nor abused its discretion in finding, by the preponderance of the evidence, that

Appellant violated specific conditions of his probation. *See Commonwealth v. Woods*, 248 A.3d 478 (Pa. Super. filed Jan. 12, 2021) (unpublished memorandum at 10-12)[28] (rejecting appellant's challenge to the sufficiency of the evidence to support the revocation of his probation for a technical violation, where appellant (1) was ordered to participate in sex offender treatment as a condition of his probation; (2) had been discharged from sex offender treatment; and (3) failed a therapeutic polygraph examination associated with his treatment); *Commonwealth v. Taylor*, 224 A.3d 772 (Pa. Super. filed Nov. 14, 2019) (unpublished memorandum at 14) (deeming evidence sufficient to show that the appellant violated his probation, where he "concede[d] that he was discharged from sex offender treatment," which the trial court had previously imposed as a specific condition of appellant's probation). *Cf. Commonwealth v. Baumann*, 307 A.3d 1231, 1237-38 (Pa. Super. 2023) (holding VOP court abused its discretion in revoking defendant's probation on the basis of a condition, *i.e.*, completion of a polygraph examination, that was never actually imposed, as "[s]uch action is … violative of 42 Pa.C.S. § 9771(b), which necessitates proof of violations of a specified condition of probation to warrant revocation"). Accordingly, Appellant's first four issues do not entitle him to relief.

---

[28] Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

In his fifth issue, Appellant contends the VOP court erred and abused its discretion by failing to either order the preparation of a new PSI report prior to resentencing, or state any reason on the record for dispensing with same. ***See*** Appellant's Brief at 23-26.  Appellant points out that Pennsylvania Rule of Criminal Procedure 702 governs PSI reports and provides, in relevant part, as follows:

> **(1)** The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.
>
> **(2) The sentencing judge <u>shall</u> place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report** in any of the following instances:
>
> > **(a) when incarceration for one year or more is a possible disposition** under the applicable sentencing statutes;
> >
> > **(b)** when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
> >
> > **(c)** when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.
>
> **(3)** The pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence.

Pa.R.Crim.P. 702(A)(1)-(3) (emphasis added); ***see also Commonwealth v. Flowers***, 950 A.2d 330, 333 (Pa. Super. 2008) ("A sentencing judge must either order a PSI report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal

history and background." (citation and brackets omitted)); Appellant's Brief at 23-24. Appellant asserts that, here, "the sentencing court was aware that a sentence of incarceration of one year or more was possible," as he had an underlying conviction for a first-degree felony, which was subject to a maximum sentence of 20 years' incarceration. Appellant's Brief at 23.

Appellant relies upon our decision in **Flowers**, **supra**, where we observed that

> this Court has held expressly that even where repeated probation violation hearings have rendered the sentencing judge substantially familiar with the defendant's criminal history, a PSI report remains necessary. **See Commonwealth v. Carter**, 485 A.2d 802, 804 (Pa. Super. 1984) (vacating judgment of sentence based upon trial judge's failure to obtain a PSI report following [a final probation] revocation hearing).

**Flowers**, 950 A.2d at 333-34; **see also** Appellant's Brief at 25 (discussing **Flowers**).

The Commonwealth counters Appellant waived this claim, as he did not raise it either at the resentencing hearing or in his post-sentence motion. Commonwealth Brief at 14 (citing Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal.")). Even if not waived, the Commonwealth contends Appellant's claim lacks merit based on our Supreme Court's decision in **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014). Commonwealth Brief at 14. **See Pasture**, 107 A.3d at 28 (stating "there is no absolute requirement that a trial judge, who has already given the defendant one sentencing break after having

- 34 -

the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate [probation] revocation sentence" (footnote omitted)); *see also id.* ("When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime" and the probationer's background).

It is settled that a challenge to a sentence imposed without a PSI report implicates the discretionary aspects of sentencing. *See*, *e.g.*, *Flowers*, 950 A.2d at 331-32 (holding a claim that the VOP court erred in failing to order a PSI report implicates the discretionary aspects of sentencing); *Commonwealth v. Finnecy*, 135 A.3d 1028, 1030-31 (Pa. Super. 2016) (same). "There is no automatic right of appeal from the discretionary aspects of a sentence." *Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying each of the following four requirements:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) **whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence**, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Glawinski*, 310 A.3d at 325 (emphasis added; some citations omitted). Regarding the second requirement, it is settled that

> [i]ssues challenging the discretionary aspects of a sentence **must** be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.

***Commonwealth v. Kramer***, ___ A.3d ___, 2025 PA Super 282, at *19 (Pa. Super. filed Dec. 18, 2025) (emphasis added; citation omitted).

Instantly, Appellant timely filed his notice of appeal and his brief contains the required Rule 2119(f) statement. ***See*** Appellant's Brief at 13-14. However, Appellant failed to preserve his challenge before the VOP court. Our review discloses he did not, at any time, (1) request the VOP court to order a new PSI report prior to resentencing; or (2) object that the VOP court, which was in possession of the original PSI report and had imposed Appellant's original sentence, was inadequately equipped with information regarding Appellant's case and background to resentence him.[29]

The VOP court, in its Rule 1925(a) opinion, asserted that Appellant waived his challenge related to the PSI report, where he failed to raise this claim prior to the filing of his Rule 1925(b) concise statement. VOP Court Opinion, 3/17/25, at 17 (citing Pa.R.A.P. 302(a)); ***see also Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 469 (Pa. Super. 2017) (holding that "a party cannot rectify the failure to preserve an issue by proffering it in response

---

[29] Indeed, at the time of resentencing, Appellant had appeared before Judge Mears (who ordered the original PSI report) on numerous occasions, including various revocation and detainer proceedings. ***See***, ***e.g.***, N.T., 11/10/22, at 4 (Judge Mears finding the PSI report to be "extremely detailed.").

to a Rule 1925(b) order." (citation, emphasis, and brackets omitted)).  We agree.  Appellant waived this issue.  **See Kramer**, **supra**, at *19.

Nevertheless, even if not waived, Appellant's issue would lack merit.  We reiterate that "there is no absolute requirement that a [VOP] judge, who has already given the defendant one sentencing break after having the benefit of a full record, including a PSI, must order another PSI before fashioning the appropriate [probation] revocation sentence[.]"  **Pasture**, 107 A.3d at 28 (footnote omitted); **see also Flowers**, 950 A.2d at 333 ("[W]e need not reject the possibility that technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless" where a trial court otherwise had "elicited sufficient information … to substitute for a PSI report, thereby allowing a fully informed sentencing decision[.]" (citation omitted)).

Furthermore, the VOP court reasoned in its Rule 1925(a) opinion that it

> gave [Appellant] a significant break in his initial sentence[,] after having the benefit of a full record, including a PSI.  [The VOP] court provided several reasons for [Appellant's] sentence on the record at his resentencing hearing.  **See** N.T., 11/18/22, at 28.  Therefore, [the VOP] court was not required to order another PSI.

VOP Court Opinion, 3/17/25, at 18 (citation and some capitalization modified).

The record supports the VOP court's analysis, and we discern no error of law of abuse of discretion.  Based upon the foregoing, Appellant's fifth issue does not merit relief.

In his sixth issue, Appellant claims the VOP court erred in failing to sentence him consistent with the maximum penalties for technical probation

violations delineated in newly-amended 42 Pa.C.S.A. § 9771(c), *infra*, under which "he should have receive[d] a fourteen[-]day period of incarceration for his first technical violation." Appellant's Brief at 29. Appellant points out that "at the resentencing hearing on November 18, 2024, section 9771 [was] not mentioned by the sentencing court nor [was it] applied …." ***Id.  But see also generally*** N.T., 9/17/24 (the parties and VOP court thoroughly addressing the applicability of subsection 9771(c)(2)(i), and Appellant's Motion for Release, prior to resentencing).

The Commonwealth counters Appellant's reliance upon Section 9771(c) is misplaced because it "does not apply at all to this case," where that statute implicates sentences of total confinement upon revocation and "[Appellant] was not sentenced to total confinement." Commonwealth Brief at 16, 17. The Commonwealth points out that "[Appellant] offers no explanation as to why or how a limit on total incarceration would be relevant to an entirely probationary sentence …." ***Id.*** at 17.

In its Rule 1925(a) opinion, the VOP court likewise opined that Section 9771(c) is entirely inapplicable to this case, as the court did not impose a sentence of total confinement. ***See*** VOP Court Opinion, 3/17/25, at 19-20.

Appellant challenges the VOP court's application of Section 9771(c). This issue presents a "question of statutory interpretation; accordingly, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Smith***, 346 A.3d 1251, 1259 (Pa. 2025).

> In interpreting or construing a statute, our objective is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a); *Commonwealth v. Gamby*, 283 A.3d 298, 306 (Pa. 2022). The General Assembly's intent "is best expressed through the plain language of the statute." *Gamby*, 283 A.3d at 306. Thus, when the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b)[; *see also id.* (providing that every provision of a statute is to be given effect to the extent possible)].

*Smith*, *supra*, at 1259-60; *see also* 1 Pa.C.S.A. § 1928(b)(1) (providing that penal statutes must be strictly construed).

This Court has observed that

> [i]n construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. When analyzing particular words or phrases, we must construe them according to the rules of grammar and according to their common and approved usage. Words of a statute are to be considered in their grammatical context. Furthermore, we may not add provisions that the General Assembly has omitted unless the phrase is necessary to the construction of the statute. A presumption also exists that the legislature placed every word, sentence and provision in the statute for some purpose and therefore courts must give effect to every word.

*Commonwealth v. Wilson*, 327 A.3d 659, 662-63 (Pa. Super. 2024) (citing *Commonwealth v. Lewis*, 180 A.3d 786, 788 (Pa. Super. 2018)).

The Sentencing Code identifies the sentencing alternatives a court may impose, which include probation and total confinement. *See* 42 Pa.C.S.A. § 9721(a); *see also Commonwealth v. Hill*, 66 A.3d 365, 370 (Pa. Super. 2013) ("[A] sentencing court has broad discretion in choosing the range of permissible confinements that best suits a particular defendant and the

circumstances surrounding his crime." (citation omitted)). If a court imposes probation, it "shall specify at the time of sentencing the length of any term during which the defendant is to be supervised …." 42 Pa.C.S.A. § 9754(a); *see also id.* § 9763(d), *supra* (detailing the restrictive conditions that a court may impose in connection with an order of probation, including EHM).

As explained *supra*, Section 9771(b) provides, in relevant part, that "[**s**]**ubject to the limitations of** subsections (b.1) and **(c)**, upon revocation **the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing**, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S.A. § 9771(b) (emphasis added); *see also Commonwealth v. Infante*, 63 A.3d 358, 365 (Pa. Super. 2013) (in a case that preceded the 2024 amendments to Section 9771, stating the general rule that, upon revocation of probation, "the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." (citations omitted)).

Section 9771 was recently amended to institute "a **presumption against total confinement** for technical violations of probation." 42 Pa.C.S.A. § 9771(c) (emphasis added); *see also id.* § 9771(c)(1) (enumerating specific technical violations that would overcome this presumption). Section 9771(c)(2) provides, in relevant part, as follows:

> **(2)** *If* **a court imposes a sentence of total confinement** following a revocation, the basis of which is for one or more

technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant **shall be sentenced** as follows:

    **(i)** For a first technical violation, a maximum period of 14 days.

*Id.* § 9771(c)(2) (effective June 11, 2024, to October 19, 2025) (emphasis added).[30, 31]

---

[30] Recently, our General Assembly again amended Section 9771, effective October 20, 2025. *See* Act 2025-38 (S.B. 475), § 1 (effective October 20, 2025). We observe the amendments were minor and did not implicate any of the statutory language set forth above; rather, the amendments merely altered language in subsection 9771(c)(2)(iv), which is not pertinent to this appeal.

[31] We additionally note that although the Resentencing Guidelines apply to this case, the parties do not include any argument regarding them. However, we observe that Section 307.2 provides, in relevant part, as follows:

> **(a)** The court shall consider the Resentencing Guidelines in determining the appropriate resentence upon a revocation of probation.
>
>     * * *
>
> **(c) Upon revocation of probation, all sentencing alternatives available to the court at the time of the initial sentence shall be available to the court for resentencing.**
>
> **(d)** In every case in which a court of record imposes a resentence for a felony or misdemeanor, the court shall make as a part of the record and disclose in open court at the time of resentencing, a statement of the reason or reasons for the revocation and for the resentence imposed. …

204 Pa. Code § 307.2(a), (b)-(d) (7th Ed., Amend. 1) (effective January 1, 2021, to January 1, 2024) (emphasis added); *see also id.* § 307.3(a) (7th Ed., Amend. 1).

We conclude that, under the express language of Section 9771(c)(2) and the plain meaning of the words therein, that section, and its limitation on sentences of total confinement, does not apply to **wholly probationary** VOP resentences such as Appellant's. ***Wilson***, 327 A.3d at 662. Section 9711(c)(2) applies only "[***i***]***f a court imposes a sentence of total confinement** following a revocation" of probation. 42 Pa.C.S.A. § 9771(c)(2) (emphasis added). Here, the terms "[i]f" and "total confinement," as employed in Section 9711(c)(2), are plain and unambiguous.

Appellant was not sentenced to total confinement. While "[t]he term 'total confinement' is not explicitly defined within the Sentencing Code, … this Court [has] held that 'total confinement' means **confinement in a correctional institution**." ***Commonwealth v. Stevenson***, 850 A.2d 1268, 1271-72 (Pa. Super. 2004) (*en banc*) (citation omitted; emphasis added); ***see also*** 42 Pa.C.S.A. § 9756(a) ("In imposing a sentence of total confinement, the court shall, at the time of sentencing, specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a **correctional or other appropriate institution**." (emphasis added; punctuation modified)). Thus, here, to the extent that Appellant's wholly probationary sentence includes two years of EHM, this does not constitute total confinement.

Finally, the VOP court's resentence did not run afoul of the Resentencing Guidelines, of which the court expressly noted it was aware. ***See*** N.T., 8/16/24, at 54.

In conclusion, we determine the VOP court correctly found that Section 9771(c) is inapplicable to this case. Moreover, Appellant's aggregate resentence of 10 years' probation is well below the sentence the VOP court originally could have imposed. ***See*** 42 Pa.C.S.A. § 9771(b) ("Subject to the limitations of subsections (b.1) and (c), upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing …."); 204 Pa. Code § 307.1(c) ("Upon revocation of probation, all sentencing alternatives available to the court at the time of the initial sentence shall be available to the court for resentencing."). Appellant's sixth issue does not merit relief.

In his seventh issue, Appellant argues the VOP court erred in failing to give him credit, at resentencing, for time he served in jail (*i.e.*, 105 days) as a result of the probation detainer. ***See*** Appellant's Brief at 30-31 (capitalization modified). According to Appellant, "[t]he plain language" of the statute governing time credit, *i.e.*, 42 Pa.C.S.A. § 9760, "clearly requires that Appellant is entitled to credit for all time he [served] prior to his resentencing[.]" Appellant's Brief at 31.

Section 9760 provides, in relevant part, as follows:

Credit against the **maximum term and any minimum term** shall be given to the defendant for all time spent in custody as a

result of the criminal charge **for which a *prison sentence* is imposed** or as a result of the conduct on which such a charge is based.

42 Pa.C.S.A. § 9760(1) (emphases added).

The Commonwealth counters the VOP court did not err, where "[t]he sentence issued following revocation of probation consisted entirely of probation. Without the requisite maximum and minimum length of sentence, § 9760 is as inapplicable to [Appellant's] sentence as to any other sentence of probation." Commonwealth Brief at 17 (internal citations omitted).

In its Rule 1925(a) opinion, the VOP court determined Section 9760(1) was inapplicable to Appellant:

> The statute governing time credit applies to sentences that involve incarceration. ***Commonwealth v. Sciarrino***, 328 A.3d 1169, 1173 (Pa. Super. 2024). Moreover, probationary sentences do not contain a maximum and minimum length and fall outside the purview of the statute. ***Id.***
>
> In sentencing after a probation revocation, the court "must give due consideration to the time the defendant has spent serving probation, but the court is not required to credit the defendant with any time spent on probation." ***Infante***, 63 A.3d at 367.
>
> Here, [Appellant] did not receive credit for time served for his pre-trial incarceration on his new criminal charges since [those charges] were dismissed. He therefore would be entitled to credit for time served if he were again revoked and resentenced to a period of incarceration. However, since [Appellant] was not resentenced to a period of incarceration, he was not entitled to credit for time served towards his probationary sentence. Therefore, his claim is without merit.

VOP Court Opinion, 3/17/25, at 21-22 (some capitalization and citation modified); ***see also*** N.T., 11/18/24, at 4 (VOP court stating, at Appellant's

- 44 -

resentencing hearing, that it was "not going to sentence [Appellant] to a time served [sentence] because that would require [the court] to sentence him to an incarceration sentence.").

The VOP court's reasoning is supported by the law and the record, and we agree with its determination. **See Sciarrino**, 328 A.3d at 1173-74 ("[P]robationary sentences do not contain a maximum and minimum length, and therefore fall outside the purview of [Section 9760(1)]. Additionally, … we have expressly interpreted [Section] 9760 as being inapplicable to probation." (citing **Commonwealth v. Crump**, 995 A.2d 1280, 1284 (Pa. Super. 2010) ("The statutory language [of Section 9760(1)] is clear that a person is entitled to credit toward his or her sentence if time is spent in custody. The statute does not address credit in relation to a probationary sentence.")). Accordingly, Appellant's seventh issue does not merit relief.

In his eighth issue, Appellant claims the VOP court "abused its discretion by resentencing [him] to five (5) years['] probation[,] with the first two (2) years on [EHM,] followed by an additional three (3) years['] probation at Count 2."[32] Appellant's Brief at 32 (capitalization modified). Appellant asserts that "it was an abuse of discretion to resentence Appellant to the exact same sentence he had received on November 10, 2022, and to fail to give him credit for time served for a total of 647 days as of October 15, 2024." **Id.** at 33.

_____

[32] Appellant preserved this claim in his post-sentence motion. **See** Post-Sentence Motion, 12/2/24, ¶ 19; **see also Kramer**, **supra**, at *19.

- 45 -

The Commonwealth asserts that Appellant waived this claim, where he advanced

> no explanation of how the [VOP] court's discretion was abused, no application of the [] four-part test [governing discretionary aspects of sentencing claims], and no argument beyond the bare assertion of abuse. This assertion is so devoid of specific and meaningful argument that it is impossible to meaningfully address, and this Court should deny [Appellant's] claim for vagueness.

Commonwealth Brief at 18 (internal citation omitted).

The VOP court asserted Appellant waived this claim by failing to identify, in his court-ordered Rule 1925(b) concise statement, how the court abused its discretion.[33]    ***See*** VOP Court Opinion, 3/17/25, at 22 (citing ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) (holding that since the "[a]ppellant's [Rule 1925(b)] concise statement was not specific enough for the trial court to identify and address the issue" that the appellant wished to raise on appeal, the issue was waived) (footnote added; some capitalization modified)).

Upon review, we conclude Appellant waived this issue based on his failure to adequately preserve it in both his Rule 1925(b) concise statement

---

[33] Appellant's concise statement raised the identical, vague claim he raises on appeal, *i.e.*, "The [VOP] court erred as a matter of law and abused its discretion by resentencing [Appellant] to five (5) years['] probation[,] with the first two (2) years on electronic home monitoring, followed by an additional three (3) years['] probation at [C]ount 2. Concise Statement, 2/24/25, ¶ 9.

and his brief. Rule 1925(b) mandates that the "[s]tatement **shall** concisely identify each error that the appellant intends to assert **with sufficient detail** to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added); *see also Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (stating that a trial court's "review and legal analysis can be fatally impaired when the court has to guess at the issues raised." (citation omitted)). Rule 1925 further provides that "[i]ssues … not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii); *Hansley*, 24 A.3d at 415 ("[I]f a concise statement is too vague, the court may find waiver."). Here, Appellant's vague claim in his concise statement did not advance "sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). Moreover, Appellant's argument is scant, undeveloped, and vague, and cites to only a single authority. *See* Appellant's Brief at 32-33; *see also* Pa.R.A.P. 2119(a). Accordingly, Appellant waived this claim. *Hansley*, *supra*; *Dowling*, *supra*.

Finally, we observe that the VOP court, at resentencing, emphasized the need for Appellant to complete sexual offenders treatment, stating as follows:

> [**Appellant**] **can't get beyond the fact that he needs to complete the treatment.** Part of this is punishment, but, in my opinion, in [Appellant's] mind, this is all punishment, and … I continue to feel that [**Appellant**] **doesn't understand the need for treatment**; [Appellant] thinks this is just here to punish him and he doesn't need any treatment. That's the attitude that he's displayed to me so far, and, in my opinion, the most important thing here is treatment. [**Appellant**] **needs the time to get the treatment done.**

N.T., 11/18/24, at 26-27 (emphasis added; some punctuation modified); *see also id.* at 27 (VOP court stating that, when it previously imposed Appellant's original sentence, the court "gave him a huge break, and now he's complaining about the fact that he's going to have an extended period of [EHM]."). The VOP court further stated that "**this is a very serious matter.** Any time we're dealing with a sex offender[,] the possibility" for recidivism "is much greater if the defendant doesn't successfully complete his treatment." *Id.* at 28 (emphasis added). Accordingly, Appellant's eighth issue does not merit relief.

In his ninth issue, Appellant asserts the VOP court "erred as a matter of law and abused its discretion by denying [his] post-sentence motion[.]" Appellant's Brief at 34 (capitalization modified). Appellant, however, fails to cite any authority and advances merely two vague sentences in support of his claim (one of which merely "incorporates all relevant case law and argument presented in the [prior] issues argued within Appellant's brief."). *See* Pa.R.A.P. 2119(a), *supra*; *see also Commonwealth v. Briggs*, 12 A.3d 291, 342 (Pa. 2011) (holding that "'incorporation by reference' is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief …." (citations omitted)). Appellant's sparse argument consists of "mere issue spotting without sufficient analysis or legal support[.]" *Armolt*, 294 A.3d at 379 (citation omitted). Accordingly, Appellant waived this issue. *Id.*

In his tenth and final issue, Appellant argues the VOP court erred in revoking his probationary sentence at Count 3, as that sentence had not yet commenced at the time he committed the conduct on which the revocation was based. *See* Appellant's Brief at 27.

The Commonwealth concedes the VOP court's error, stating, "[w]hile the revocation at Count 3 did not result in a different sentence, the Commonwealth concedes that revocation of probation that had not yet started was improper." Commonwealth Brief at 16 (emphasis omitted). The Commonwealth asserts Appellant is "entitled to relief solely as to the revocation of probation at Count 3." *Id.* (citing *Rosario*, 294 A.3d at 356 ("[T]he anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law.")).

The VOP court also concedes its error regarding revocation of Count 3, and asserts Appellant is "entitled to relief" pursuant to *Rosario*, *supra*. VOP Court Opinion, 3/17/25, at 18-19.

It is settled that a challenge to a sentencing court's statutory authority to impose a particular sentence implicates the legality of sentence. *Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. 2021); *see also Commonwealth v. Thorne*, 276 A.3d 1192, 1194 (Pa. 2022) (stating that "challenges implicating the legality of a sentence cannot be waived"). "When the legality of a sentence is at issue on appeal, our standard of review is *de*

*novo* and our scope of review is plenary." **Sciarrino**, 328 A.3d at 1171 (citation omitted).

"[I]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Id.** (citation omitted). Moreover, this Court has held that a sentence imposed for an invalid revocation of probation constitutes an illegal sentence. **Simmons**, 262 A.3d at 525, 527-28.

Instantly, the record reflects that Appellant began serving his eight-year probationary sentence for Count 2 on November 10, 2022. Thus, Appellant's two-year, **consecutive** probationary sentence imposed for Count 3 had not yet begun at the time he committed the conduct on which the revocation was based.

Consequently, although the VOP court properly revoked Appellant's probation regarding Count 2, there could be no violation of the conditions of his probation at Count 3, as the VOP court concedes. Therefore, the revocation of probation at Count 3 must be vacated. **See Rosario**, **supra**; **see also Simmons**, 262 A.3d at 527-28 (holding that a sentence imposed following anticipatory probation revocation was illegal, vacating judgment of sentence, and remanding with instructions to reinstate valid portions of defendant's original sentence).

Finally, we address whether the VOP court's error regarding Count 3 entitles Appellant to a remand for resentencing. On December 23, 2025, prior

to oral argument in this case, the Commonwealth filed in this Court an "Application for Leave to File Notice of Supplemental Authority", which this Court granted. The Commonwealth asserted that

> [A]ppellant is entitled to no relief other than correction of the improperly revoked probation. Relevant to this issue is **Commonwealth v. Lekka**, 210 A.3d 343 (Pa. Super. 2019). Per **Lekka**, if only a portion of an appellant's sentence was in error, this Court is empowered to vacate the offending portion of the sentence and affirm the sentence in all other respects. **Id.** at 358–59 ([citing] **Commonwealth v. Benchoff**, 700 A.2d 1289, 1294 (Pa. Super. 1997) [(stating "[i]f this Court determines that a sentence must be corrected, we are empowered to either amend the sentence directly or to remand the case to the trial court for resentencing.")]). When the necessary correction would not upset the trial court's sentencing scheme, "remand for resentencing is not warranted." **Id.** at 359.

Notice of Supplemental Authority, 12/23/25, at 1-2 (unpaginated) (paragraph break omitted).

In its opinion, the VOP court echoed the Commonwealth's position, determining that the court's

> error in revoking Count 3 makes no difference in [Appellant's] overall sentence. At the original sentence [for Count 3, Appellant] was ordered to serve two [] years of probation consecutive to Count 2. At the revocation [and subsequent resentencing, at Count 3,] the [VOP] court ordered two [] years of probation consecutive to Count 2.

VOP Court Opinion, 3/17/25, at 19 n.4 (some capitalization modified).

We agree with the Commonwealth and VOP court. Although Appellant is entitled to relief in the form of *vacatur* of the revocation of his probationary sentence at Count 3, we conclude no remand for resentencing is necessary. Appellant's original sentence for Count 3 has not commenced and, at

resentencing, the VOP court imposed an identical sentence at Count 3 as it did at the original sentencing (*i.e.*, two years of consecutive probation). **See Benchoff**, **supra**. The "necessary correction" to Appellant's sentence does "not upset the trial court's sentencing scheme," thereby rendering remand unnecessary. **Lekka**, 210 A.3d at 359; **see also Commonwealth v. Carey**, 249 A.3d 1217, 1229 (Pa. Super. 2021) (stating when this Court vacates a sentence without disturbing the overall sentencing scheme, there is no need for remand).

Based upon the foregoing, we vacate the VOP court's revocation of Appellant's probation as to Count 3, and affirm the judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part, in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/2/2026