J-S36027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN GASBARRO-NINEHOUSER | : | |
| | : | |
| Appellant | : | No. 1466 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007778-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN GASBARRO-NINEHOUSER | : | |
| | : | |
| Appellant | : | No. 1467 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002923-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHON GASBARRO-NINEHOUSER | : | |
| | : | |
| Appellant | : | No. 1468 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002950-2023

J-S36027-25

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: June 2, 2026**

Appellant Jonathon Gasbarro-Ninehouser appeals from the judgment of sentence imposed for his violation of probation (VOP).  Appellant challenges the discretionary aspects of his sentence.  Following our review, we affirm.

The trial court summarized the underlying facts of this matter as follows:

> On January 13, 2021, [Appellant] was charged at [Docket No. 7778-2021] with theft by unlawful taking (F3), 18 Pa.C.S. § 3921(a).  On May 23, 2022, [Appellant] pled guilty at [Docket No. 7778-2021] to theft by unlawful taking and [Appellant] was sentenced to three years' restrictive intermediate punishment (IPP) in the Drug Court program and to pay $10,000.00 in restitution.
>
> On December 3, 2021, [Appellant] was charged at [Docket No. 2923-2022] with retail theft (F2), 18 Pa.C.S. § 3929(a)(1); receiving stolen property (M2), 18 Pa.C.S. § 3925(a); and possession of drug paraphernalia (M), 35 P.S. § 780-113(a)(32). On June 27, 2022, [Appellant] pled guilty at [Docket No. 2923-2022] to retail theft and was sentenced to three years' IPP in the Drug Court program.
>
> On March 25, 2023, [Appellant] was charged at [Docket No. 02950-2023] with false identification to law enforcement (M3), 18 Pa.C.S. § 4914(a); possession of a controlled substance (M), 35 P.S. § 780-113(a)(16); and possession of drug paraphernalia (M), 35 P.S. § 780-113(a)(32).  On April 18, 2023, [Appellant] entered an expedited disposition plea at [Docket No. 2950-2023] to possession of a controlled substance and [Appellant] was sentenced to 12 months' probation and the case was transferred for supervision through the Drug Court program.

Trial Ct. Op., 3/31/25, at 2-3.

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

On October 21, 2025, Appellant appeared for a VOP hearing. At that time, the trial court concluded that Appellant was in both direct and technical violation of his probation. Specifically, the trial court noted that Appellant had committed multiple technical violations and that, after he absconded from Pennsylvania without permission, he was convicted of domestic battery by strangulation and giving a false name upon being arrested in Florida.

On October 28, 2025, the trial court conducted a sentencing hearing. Ultimately, Appellant was sentenced to sixteen to thirty-two months of incarceration at Docket No. 7778-2021, a consecutive term of sixteen to thirty-two months of incarceration at Docket No. 2923-2022, and a concurrent term of sixteen to thirty-two months of incarceration at Docket No. 2950-2023. Appellant's aggregate sentence amounted to thirty-two to sixty-four months' incarceration. He was also ordered to pay $10,210.09 in restitution. Appellant filed a timely post-sentence motion, which the trial court denied.

Appellant subsequently filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. In sentencing [Appellant] at [Docket Nos.] 2021-07778, 2022-02923, 2023-02950, did the trial court abuse its discretion because it failed to place the reasons on the record in support of each of the sentences imposed, in violation of 42 Pa.C.S. § 9721(b)?

2. In sentencing [Appellant] at [Docket No.] 2021-07778, did the trial court abuse its discretion because it failed to consider his personal history, character, treatment, and rehabilitative

needs, and focused solely on the serious nature of his violation behavior, in violation of 42 Pa.C.S. § 9721(b)?

3. In sentencing [Appellant] at [Docket No.] 2022-02923, did the trial court abuse its discretion because it failed to consider his personal history, character, treatment, and rehabilitative needs, and focused solely on the serious nature of his violation behavior, in violation of 42 Pa.C.S. § 9721(b)?

4. In sentencing [Appellant] at [Docket No.] 2023-02950, did the trial court abuse its discretion because it failed to consider his personal history, character, treatment, and rehabilitative needs, and focused solely on the serious nature of his violation behavior, in violation of 42 Pa.C.S. § 9721(b)?

5. In imposing [Appellant's] sentence at [Docket No.] 2022-02923 consecutive to his sentence at [Docket No.] 2021-07778, did the trial court abuse its discretion because it failed to consider his personal history, character, treatment, and rehabilitative needs, focusing solely on the serious nature of his violation behavior, in violation of 42 Pa.C.S. § 9721(b), resulting in an unreasonable and abusive aggregate sentence?

Appellant's Brief at 9-10 (some formatting altered).

Appellant's claims relate to the discretionary aspects of sentencing. Specifically, he claims that the VOP court abused its discretion by failing to consider his "personal history, character, and rehabilitative needs, focusing solely on the nature of his violation behavior, in violation of Section 9721(b)." *Id.* at 20. Additionally, Appellant argues that the trial court abused its discretion by structuring his sentence at Docket No. 2923-2022 to run consecutive to his sentence at Docket No. 7778-2021 "because it neglected to consider mandatory sentencing factors but, instead, focused solely on the nature of [Appellant's] violation behavior, in violation of Section 9721(b)," which resulted in an unreasonable sentence. *Id.*

- 4 -

We note that "the right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Beatty*, 227 A.3d 1277, 1286 (Pa. Super. 2020) (citation omitted). "Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal." *Id.* (citation omitted).

Before reaching the merits of such claims, we must determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Here, the record reflects that Appellant preserved his claim by raising it in a post-sentence motion, filing a timely notice of appeal and court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. Further, Appellant's claim raises a substantial question for our review. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding a substantial question where the appellant argued that the trial court focused solely on the seriousness of the offense and did not consider his rehabilitative needs); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (explaining that a claim asserting that the sentencing court imposed an excessive sentence in conjunction with a claim that the court failed to consider

mitigating factors raises a substantial question).  Accordingly, we will review the merits of Appellant's claims.

Our standard of review is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Starr*, 234 A.3d 755, 760-61 (Pa. Super. 2020) (citation omitted).  Section 9721(b) of the Sentencing Code provides, in relevant part, that "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S. § 9721(b).

Before the trial court may revoke probation, the court it must find, "based on the preponderance of the evidence, that the probationer violated a specific condition of probation or committed a new crime." *Commonwealth v. Parson*, 259 A.3d 1012, 1019 (Pa. Super. 2021) (citations omitted).

> In addition, in all cases where the court resentences an offender following revocation of probation[,] the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed and failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant.

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (citation omitted and formatting altered); ***see also*** 42 Pa.C.S. § 9721(b); Pa.R.Crim.P. 708(D)(2) (indicating at the time of sentence following the revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed"). However, "[the] trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Colon***, 102 A.3d at 1044 (citation omitted).

> Our Supreme Court has explained:
>
> Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant, particularly where, as here, the trial judge had the benefit of a [presentence investigation (PSI) report] during the initial sentencing proceedings. ***See*** [***Commonwealth v.***] ***Walls***, 926 A.2d [957,] 967 n.7 [(Pa. 2007)] ("Where [a PSI report] exist[s], we shall continue to presume that the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors" [(citation omitted)]).

***Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014).[1] "[O]ur review is limited to determining the validity of the probation revocation proceedings and

---

[1] The record reflects that the trial court had the benefit of a PSI at Appellant's initial sentencing hearing.

the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Parson***, 259 A.3d at 1019 (citations omitted and formatting altered); ***see also*** 42 Pa.C.S. § 9771(b).

Finally, this Court has stated that "[a]lthough Pennsylvania's system stands for individualized sentencing, the court is not required to impose the 'minimum possible' confinement. Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Radecki***, 180 A.3d 441, 470 (Pa. Super. 2018) (citations omitted).

Here, the trial court explained:

At the resentencing hearing on October 28, 2024 there were no corrections or additions to the [PSI] report other than the statement that [Appellant] did not complete any treatment programs. [Appellant] indicated that he did complete Alpha House. [Appellant's] counsel indicated that he had the support of his family and they had appeared previously but could not be present at that time. Counsel submitted letters from [Appellant's] mother and fiancé, which were reviewed. Counsel acknowledged that [Appellant] should not have absconded to Florida but that the charges against him . . . arose from a misunderstanding regarding his physical contact with his fiancé. Counsel also indicated that [Appellant's] criminal history did not involve violence or weapons and was related to his addiction history.

[Appellant] presented the testimony of a recovery specialist from United Recovery who testified that she was contracted through the Allegheny County Jail for inmates with substance abuse disorders. She met with [Appellant] weekly and sometimes more often. She testified that [Appellant] appears to have a need for control which leads him to act "sideways." She testified that he

- 8 -

expressed . . . repeatedly his desire for stability. She testified he grew up in an unstable home with domestic violence . . . which make him want to have control of things. She said that upon release he would need a medication bridge and psychiatric medications and that he has a diagnosis of anxiety.

[Appellant's] counsel then indicated that upon release [Appellant] had stable housing available, a supportive family, a job lined up and mental health treatment and substance abuse treatment providers. Counsel further indicated that "I think . . . [eighteen to thirty-six], top of the standard range on the felony theft count, would be fair" and that any other sentences should be concurrent.

The Commonwealth stated:

> He's been in the Drug Court program since May of 2022. He's had approximately four positive or satisfactory reviews in that period of time. All of the other time period have been negative reviews or he's been in absconder status or he's been detained at the jail. I think that probation can outline more of his history in the program.

It was also noted that [Appellant] never advanced past a phase 2 in treatment.

[Appellant] stated:

> I'm not going to make no excuses for anything except that I always — I can get clean off of drugs. I have done it several times. I just usually screw up because then I don't know what to do with the other things that I'm using the drugs to cover up. I'm using the drugs to numb myself. I know I screwed up. I know I screwed up several times.

The Convicted Violation Report of October 22, 2024 showed that his technical violations consisted of being a danger to himself and others; failure to comply with good behavior; failure to comply with sentence; failure to comply with special order of court; failure to refrain from the use of illicit drugs; leaving Pennsylvania without permission; and, non-participation in court-ordered rehabilitation. The report also shows that[, after] having left Pennsylvania without permission, he was convicted in Florida of Domestic Battery by Strangulation (F3) and Giving False Name Upon Being Arrested (M1).

The report further indicated that after pleading into Drug Court on June 27, 2022 he was released for inpatient treatment but was discharged for inappropriate contact with a female staff member. On August 1, 2022 [a] *Gagnon I* hearing was held and a [PSI report] was ordered and he was permitted to transfer care to the Renewal Center. He was transferred on August 9, 2022 however a warrant was issued on November 8, 2022 after he escaped from the Renewal Center. He remained absconded until he was arrested on March 26, 2023. At that time various charges were filed against him, some of which were withdrawn at the preliminary hearing, but he pled guilty to possession of controlled substance and paraphernalia on April 18,2023 and was sentenced to 12 months' probation. On May 22, 2023 at a Drug Court hearing it was recommended that he be released to inpatient treatment which he subsequently left against medical advice and then left Pennsylvania without permission until he was arrested in Florida. [Appellant] also had cases involving retail theft and motor vehicle violations which were reduced to summary offenses which resulted in summary convictions.

At the October 21, 2024 Drug Court hearing [Appellant] requested to be sentenced without an updated presentence report, however, the presentence report of October 24, 2022 was reviewed which indicated that [Appellant] had several convictions including for criminal trespass, possession of drug paraphernalia and criminal mischief in October 2005; theft by unlawful taking and bad checks in November 2006; forgery and bad checks in November 2006 and 2007; resisting arrest and disorderly conduct in January 2007; possession of controlled substance in December 2005; retail theft in January 2007; possession of controlled substance in March 2008; theft by deception in December 2009; possession of controlled substance in August 2018; retail theft in September 2019 and January 2022; possession with intent to deliver in May 2022. The [PSI report] also detailed [Appellant's] family, educational, employment and health history as well as a letter from [Appellant's] mother.

The report also indicated [Appellant's] probation violations included failure to report resulting in a probation warrant being issued. He was detained and then at a *Gagnon I* hearing permitted to continued further supervision. [Appellant] then tested positive for drugs in November 2006 and he again failed to report repeatedly for drug screening in November and December 2006. In 2007 he repeatedly tested positive for cocaine, opiates and cannabinoids and he was cited for failing to report and failed

to appear for an intervention program violation hearing in April 2007. In May 2007 [Appellant] again tested positive for cocaine and opiates and also refused to provide urine samples as required and failed to appear for a violation hearing. In 2010 [Appellant] again violated probation with technical violations and warrants were issued and he was arrested in October 2010. In 2012 [Appellant] failed to abide by the rules of his supervision and he was arrested and his supervision was revoked and he was sentenced to 18 to 48 months' confinement, which he completed.

After consideration of all of the information, evidence and reports, [Appellant] was sentenced as noted, including a mental health evaluation as well as any drug and alcohol evaluations and follow up with any recommendations that were made.

In this case the record reflects that [Appellant] failed the many opportunities that he was provided for treatment and rehabilitation . . . and not only repeatedly absconded from treatment for extended periods, including leaving Pennsylvania without permission, but committed additional crimes for which he was found guilty. Consideration was given to the detailed history of [Appellant's] criminal record as well as his response to the repeated attempts to address his rehabilitative needs. The record as a whole clearly reflects the reasons for the sentences imposed, which was to not only to address the nature of the offenses but [Appellant's] rehabilitative needs given his long and admitted history of failure at rehabilitation in a setting outside of incarceration. As part of his incarceration, [Appellant] was ordered to undergo drug and alcohol evaluations and mental health evaluations and follow-up with all treatment recommendations, which will advance his ultimate recovery.

\*     \*     \*

Pursuant to 42 Pa.C.S. § 9721(b), consideration must be given to the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and the rehabilitative needs of the offender. As noted in the reports as detailed above and the testimony at resentencing, [Appellant's] conduct included repeated offenses related to possession and use of controlled substances, absconding from treatment and a failure to take advantage of the opportunities for treatment. Also, given [Appellant's] history of offenses over an extended period of years, it was likely that he would commit another crime if not

incarcerated. It was also evident that [Appellant's] rehabilitative needs were not met by periods of probation or supervision outside of total confinement and the sentences imposed addressed each of the required considerations under § 9721(b).

Trial Ct. Op. at 3-8 (some formatting altered).

Following our review of the record, we discern no abuse of discretion by the trial court. **See Starr**, 234 A.3d at 760-61. The record reflects that the trial court was familiar with Appellant's background, and had also considered an October 22, 2022 PSI report, which Appellant updated with a short summary of the Florida charges prior to sentencing. **See** N.T. Revocation Hr'g, 10/21/25, at 6-7. Accordingly, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot re-weigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors). Additionally, the record reflects the trial court's consideration of the facts underlying this case and Appellant's character. **See Colon**, 102 A.3d at 1044. Further, to the extent Appellant claims that the trial court imposed an unreasonable sentence by structuring Appellant's sentence at Docket Nos. 7778-2021 and 2923-2022 consecutively, he is not entitled to relief. **See Radecki**, 180 A.3d at 470. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/2/2026